**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 6:23-CR-00060-REW**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                                    **PLEA AGREEMENT**

**JESSE E. KIPF**                                    **DEFENDANT**

\*   \*   \*   \*   \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 2 and 7 of the Indictment, charging violations of 18 U.S.C. §§ 1028A (Aggravated Identity Theft) and 1030 (Computer Fraud).  Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1, 3 through 6, and 8 through 10.

2.      The essential elements of Count 2 are:

    (a) That the Defendant intentionally accessed a computer without authorization;

    (b) That the Defendant thereby obtained information from a protected computer; and

    (c) The Defendant did so in furtherance of any criminal act, that is, aggravated identity theft.

The essential elements of Count 7 are:

    (a) That the Defendant knowingly transferred, possessed, or used the means of identification of another person without lawful authority; and

(b) That the Defendant did so during and in relation to an enumerated felony, that is, wire fraud and computer fraud.

3.    As to Counts 2 and 7, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) At all relevant times, the Defendant, Jesse E. Kipf, accessed the internet from Somerset, Kentucky using the monikers listed on Attachment A (sealed).

(b) On or about January 20, 2023, the Defendant accessed the Hawaii Death Registry System, using the username and password of C.K., a physician living in another state. The Defendant created a "case" for his own death. He completed a State of Hawaii Death Certificate Worksheet, and then, on January 21, 2023, the Defendant assigned himself as the medical certifier for the case and certified that case. He applied a digital signature for C.K., providing his name, title, and license number. This resulted in the Defendant being registered as deceased in many government databases.

(c) C.K. did not authorize the Defendant to use his name, license number, username, or password. The Hawaii Death Registry System was a protected computer.

(d) The Defendant also infiltrated other states' death registry systems, using credentials he stole from other real people. The Defendant faked his own death, in part, in order to avoid his outstanding child support obligations to his ex-wife, C.N.

(e) The Defendant also infiltrated private business networks, using credentials he stole from other real people. He then attempted to sell that access to these private business networks to potential buyers online.

(f) The Defendant infiltrated the governmental and corporate networks in order to sell access to those networks online, by selling access credentials, which constitute means of identification of other real people.

(g) In so doing, the Defendant caused damage to multiple computer networks and stole the identities of numerous individuals. Between the damage caused to the governmental and corporate networks described above (amounting to $79,400.88) and the loss suffered by C.N. (amounting to $116,357.77), the Defendant's total loss amount is $195,758.65.

4.     The statutory punishment for Count 2 is imprisonment for not more than 5 years, a fine of not more than $250,000 or twice the gross gain or loss, and a term of supervised release of not more than 3 years. The statutory punishment for Count 7 is imprisonment for not less than 2 years, to be served consecutive to any sentence issued as to Count 2, a fine of not more than $250,000 or twice the gross gain or loss, and a term of supervised release of not more than 1 year. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5.     Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2023, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all unlawful computer fraud and identity theft committed by the Defendant, the evidence of which is currently in the possession of the FBI.

Aggravated Identity Theft

(c) Pursuant to 2B1.6, because the Defendant was convicted of violating 18 U.S.C. § 1028A, the guideline sentence is the term of imprisonment required by statute, two years.

Computer Fraud

    (d)  Pursuant to U.S.S.G. § 2B1.1(a)(2), the base offense level is 6.

    (e)  Pursuant to U.S.S.G. § 2B1.1(b)(1)(F), increase the offense level by 10 levels for a loss amount exceeding $150,000.

    (f)  Pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), increase the offense level by 2 levels for involving 10 or more victims.

    (g)  Pursuant to U.S.S.G. § 2B1.1(b)(10)(C), increase the offense level by 2 levels for the Defendant's intentional conduct that constituted sophisticated means.

    (h)  Pursuant to U.S.S.G. § 2B1.1(b)(11)(B)(i) or (C)(ii), increase the offense level by 2 levels for trafficking in unauthorized access devices or possession of 5 or more means of identification that were unlawfully produced from, or obtained by the use of, another means of identification.

    (i)  Pursuant to U.S.S.G. § 2B1.1(b)(18)(B), increase the offense level by 2 levels for the offense involving the authorized public dissemination of personal information.

    (j)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    6.    No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

    7.    The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.     The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.     Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant pursuant to 18 U.S.C. §§ 228, 922, or 924 based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

10.     The Defendant consents to the seizure and forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment and the additional property seized during this investigation or a related investigation, included but not limited to the following:

**ELECTRONIC DEVICES:**
a) Nine (9) digital storage mediums seized from the Defendant in July 13, 2023:
   (1) SK Hynix, SN: S9BN87201180C62B;
   (2) UKCA 8GB;
   (3) Black Memory card;
   (4) Phison 256 GB, SN: 511220916030018958;
   (5) UKCA 4 GB, unknown SN;
   (6) PNY CS900 SSD, SN: PNY42191910150309A5F;
   (7) Seagate 1TB Drive, SN: ZN90S5HC;
   (8) Seagate 500GB HD, SN: 5VEN0S19;
   (9) Samsung 4 GB Memory Card;
b) HP ENVY laptop, SN: 8CG246332N, seized from the Defendant in July 13 2023; and
c) Six (6) electronic devices seized from the Defendant in November 8, 2023:
   (1) Black iPhone;
   (2) Black Cloud Mobile Device;
   (3) Blue ATT Smart Phone;
   (4) Blue Smart Phone IMBI *4666;

(5) Motorola Smart Phone Black; and
(6) Black Samsung Smart Phone.

**CURRENCY:**
Gold and silver coins purchased by the Defendant from December 2022 to
September 2023, valued at approximately $16,218.89.

**ONLINE ACCOUNTS:**
Any and all accounts in which the Defendant has an interest that are listed by
moniker on Attachment A (sealed).  Accounts include those identified by URL
and those using the same moniker on across any other online platform.

The Defendant agrees that this property is subject to forfeiture because a nexus exists

between the property and criminal violations, as set forth in the forfeiture allegation of the

Indictment and pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), 1030(i), and 1028(b)(5).

The Defendant consents to the search of the above-identified devices and all the data

contained thereon.   The Defendant will provide all necessary login information to access

these devices.   The Defendant also consents to the imposition of a forfeiture money

judgment in the amount of proceeds that the Defendant obtained as a result of the offenses

to which he is pleading guilty.

The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant

to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist

the government in effectuating the surrender and forfeiture of the assets identified herein,

including but not limited to executing any documents necessary for the surrender,

forfeiture, and transfer of title to the United States. The Defendant agrees not to file a claim

or petition seeking remission or otherwise contesting the forfeiture of the assets identified

herein in any administrative or judicial proceeding, or to assist any other person or entity

with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein and/or fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture and/or up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11.    The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12.    The Defendant agrees to pay restitution to the following victims in the following amounts –

| Victim | Amount owed in restitution |
|--------|----------------------------|
|        |                            |

| Hawaii Department of Health | $3,500 |
| Milestone Inc. | $56,247.50 |
| GuestTek Interactive Entertainment Ltd. | $19,653.38 |
| State of California – Health and Human Services Agency, department of Child Support Services | $116,357.77 |

-- pursuant to 18 U.S.C. § 3663(a)(3).  The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

13.     The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure.  Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement.  Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing.  The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination.  Prior to sentencing, the Defendant

agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14.     The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for

demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15.     If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16.     This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17.     This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18.     The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 3/28/2024 _____     By:    _____
                                               Kathryn M. Dieruf
                                               Assistant United States Attorney

Date: 3/17/21 _____             _____
                                               Jesse E. Kipf
                                               Defendant

Date: 03/27/24 _____            _____
                                               Tommy Miceli
                                               Attorney for Defendant

11